UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAESHI NWOZUZU,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL E. CUEVA, et al.,<br><br>Defendants. | No.  2:24-cv-01518 SCR P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  Before the court are plaintiff's complaint for screening (ECF No. 1) and motion to proceed in forma pauperis (ECF No. 2).  For the reasons set forth below, the undersigned finds that the complaint fails to state any cognizable claims but will grant plaintiff leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915.  (ECF No. 2.)  Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to proceed in forma pauperis is granted.  This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum.  28 U.S.C. §§ 1914(a).  As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account.  See 28 U.S.C. § 1915(b)(1).  A

separate order directed to CDCR requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

## LEGAL STANDARDS

### I. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### II. 42 U.S.C. § 1983

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights,

privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

### III. Linkage

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation omitted

## PLAINTIFF'S COMPLAINT

### I. Factual Allegations of the Complaint

Plaintiff is incarcerated at the California Medical Facility ("CMF") in Vacaville. The complaint names as defendants Daniel E. Cueva, Warden, and Connie Gibson, Secretary of the California Department of Corrections and Rehabilitation ("CDCR"). (ECF No. 1 at 1.)

When plaintiff inadvertently ordered something not halal in the religion of Islam, he was warned and threatened with removal from the Religious Meat Alternative (RMA) list, and then denied halal meat for six months. (ECF No. 1 at 3.) Plaintiff claims this action violated: (1) the Religious Land Use Institutionalized Persons Act (RLUIPA); (2) the First Amendment by interfering in religion; and (3) the Eighth Amendment by imposing cruel and unusual punishment. (Id. at 3.)

Plaintiff alleges that a provision of the California Code of Regulations, 15 C.C.R. § 3054.5, interferes with and violates his ability to practice his dietary worship. (ECF No.1 at 3.)

3

Section 3054.5 penalizes Muslim prisoners with 128-B and 115 write-ups that adversely impact Board of Parole hearings. (Id. at 3, 5.) The "essential premise" of the complaint is not that plaintiff was taken off the halal diet, but that the threat that § 3054.5 could deny plaintiff his religious diet violates his First Amendment right and imposes cruel and unusual punishment. Section 3054.5 discourages Muslims from even wanting to be on the religious halal diet due to the 128-B and 115 write-ups, and contradicts § 3050(a)(1), which states "food shall not be withheld nor standard menu varied as a disciplinary sanction for any inmate." (Id. at 5-6.)

Plaintiff will not be at peace until this "terrible and evil" rule is ordered to cease with an injunction. Plaintiff claims Allah will "refuse to hear prayers or accept worship" from a "servant" while haram food is in his system. This has caused plaintiff "extreme hardship mentally, morally, spiritually, and physically." (ECF No. 1 at 6.) As relief, plaintiff requests: (1) a ruling that Cal. Code of Regs., Title 15, § 3054.5 be declared unconstitutional and an injunction issued against its enforcement; and (2) $10,000 in damages and court costs. (Id.)

## DISCUSSION

### I. Determining Capacity

Plaintiff seeks damages and injunctive and declaratory relief against two state officials but does not specify whether they are sued in their personal or official capacities. The undersigned will first determine whether plaintiff can pursue his requested relief against defendants in their personal or official capacities before addressing the complaint's substantive claims.

#### A. Claims for Damages

"[P]laintiffs may seek damages against a state official in his personal capacity." Cornel v. Hawaii, 37 F.4th 527, 531 (9th Cir. 2022) (citing Mitchell v. Washington, 818 F.3d 436, 442 (9th Cir. 2016). "By its essential nature, an individual or personal capacity suit against an officer seeks to hold the officer personally liable for wrongful conduct taken in the course of her official duties." Pistor v. Garcia, 791 F.3d 1104, 1114 (9th Cir. 2015). "[T]o establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." Kentucky v. Graham, 473 U.S. 159, 166 (1985).

Here, to the extent the complaint seeks damages against defendants in their personal

4

capacities, the court finds plaintiff has not pled sufficient facts personally linking them to the alleged deprivation of his rights. The complaint does not allege defendants' personal participation in the denial of his Halal diet and in fact does not mention them at all outside of the caption page. "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. Of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Further, because state officials sued in their official capacity for damages are not persons for purposes of § 1983 or RLUIPA, plaintiff cannot pursue damages against defendants in their official capacities. See Arizonans for Official English v. Arizona, 520 U.S. 43, 69 n.24 (1997) ("State officers in their official capacities, like States themselves, are not amenable to suit for damages under § 1983"); Jones v. Williams, 791 F.3d 1023, 1031 (9th Cir. 2015) ("RLUIPA does not authorize suits for damages against state officials in their individual capacities"). Accordingly, the undersigned finds that the complaint does not state any cognizable claims for damages against either defendant.

### B. Prospective Injunctive Relief

Defendants Cueva and Gibson can hypothetically be sued in their official capacities for prospective injunctive relief under both § 1983 and RLUIPA. See Cornel v. Hawaii, 37 F.4th 527, 531 (9th Cir. 2022) ("[S]tate officials are 'persons' under § 1983 when sued for prospective injunctive relief. This exception for prospective injunctive relief, called the Ex parte Young doctrine, applies where a plaintiff 'alleges an ongoing violation of federal law, and where the relief sought is prospective rather than retrospective.'") (internal citations omitted); Mayweathers v. Newland, 314 F.3d 1062, 1070 (9th Cir. 2002) (finding plaintiff's RLUIPA claim for injunctive relief "falls squarely within the Ex Parte Young exception to sovereign immunity and does not violate the Eleventh Amendment.").

Here, however, plaintiff's requests for injunctive relief cannot survive screening. It appears to the undersigned that the complaint seeks to enjoin the former version of Cal. Code Regs., tit. 15, § 3054.5, which was titled "Monitoring for Religious Diet Program Inmate Compliance" and read: "Any alleged compliance violation of the Religious Diet Program Agreement shall be reported using CDC Form 128-B, General Chrono[.]" That provision was

5

amended and recodified at § 3054.9 effective Jan. 1, 2023. The current version of § 3054.5, also effective Jan. 1, 2023, governs the Religious Kosher Diet Program. In sum, by its plain language, the complaint appears to seek to enjoin a regulation unrelated to plaintiff's injuries. See Perfect 10, Inc. v. Google, Inc., 653 F.3d 976, 982 (9th Cir. 2011) (holding that there must be a "causal connection" between the alleged injury and the conduct plaintiff hopes to enjoin.). Moreover, it is not clear whether the amended and recodified version of the regulation that plaintiff challenges presents the same problems that plaintiff complains of in the Complaint.

## II. Failure to State a Claim

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state a valid claim for relief pursuant to the First Amendment, Eighth Amendment, or RLUIPA. Plaintiff cannot pursue damages claims against the two state official defendants in their personal capacities because the complaint does not allege any facts regarding their personal involvement in the violation of his federal rights. Moreover, state officials like the defendants cannot be sued in their official capacities for damages under either § 1983 or RLUIPA.

Plaintiff's complaint also fails to state a claim for prospective injunctive relief. Although the defendants can hypothetically be sued in their official capacities for injunctive relief, the regulation plaintiff seeks to enjoin was amended and renumbered more than a year before he filed his complaint. Because of these defects, the court will not order the complaint to be served on defendants.

## III. Legal Standards Governing Amended Complaints

Plaintiff may try to fix these problems by filing an amended complaint. In deciding whether to file an amended complaint, plaintiff is provided with the relevant legal standards governing his potential claims for relief which are attached to this order. See Attachment A.

If plaintiff chooses to file an amended complaint, he must clarify which regulation he seeks to enjoin. If plaintiff's amended complaint seeks damages, he must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). For example, if plaintiff alleges he was actually denied a halal diet, plaintiff must

1 allege who denied him a halal diet, when such denial occurred, and on what basis the denial was
2 made. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
3 connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy,
4 588 F.2d 740, 743 (9th Cir. 1978). Defendants' actions could include their "own culpable action
5 or inaction in the training, supervision, or control of his subordinates," their "acquiescence in the
6 constitutional deprivations of which the complaint is made," or "conduct that showed a reckless
7 or callous indifference to the rights of others." Starr, 652 F.3d at 1205–06.

8     Plaintiff is also informed that the court cannot refer to a prior pleading in order to make
9 his amended complaint complete. Local Rule 220 requires that an amended complaint be
10 complete in itself without reference to any prior pleading. This is because, as a general rule, an
11 amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
12 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no
13 longer serves any function in the case. Therefore, in an amended complaint, as in an original
14 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

15     **CONCLUSION**

16     In accordance with the above, IT IS HEREBY ORDERED that:

17     1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

18     2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff
19 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
20 § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
21 appropriate agency filed concurrently herewith.

22     3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28
23 U.S.C. § 1915A, and will not be served.

24     4. Within thirty days from the date of service of this order, plaintiff may file an amended
25 complaint that complies with the requirements of 42 U.S.C. § 1983, the Federal Rules of Civil
26 Procedure, and the Local Rules of Practice. The amended complaint must bear the docket
27 number assigned this case, **No. 2:24-cv-01518 SCR P,** and must be labeled **"First Amended**
28 **Complaint."**

5.  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

6.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: May 21, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

**I.     First Amendment Free Exercise**

The First Amendment is implicated where state actions substantially burden a prisoner's practice of religion by preventing him from engaging in conduct that he sincerely believes is consistent with his faith, whether or not such conduct is "central to" or "mandated by" his faith." Shakur v. Schriro, 514 F.3d 878, 884 (9th Cir. 2008) (explaining that "it is the sincerity of [plaintiff's] belief rather than its centrality to his faith that is relevant to the free exercise inquiry"). "A substantial burden ... place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." Jones v. Williams, 791 F.3d 1023, 1031 (9th Cir. 2015).

Nevertheless, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). An alleged infringement of a prisoner's free exercise rights is therefore "valid if it is reasonably related to legitimate penological interests." Id. at 349. To assess this validity, the Supreme Court has instructed courts to consider: (1) whether there is a "rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) whether there are "alternative means of exercising the right"; (3) whether and how "accommodation of the asserted constitutional right ... impact[s] ... guards and other inmates"; and (4) the "existence of obvious, easy alternatives." Turner v. Safley, 482 U.S. 78, 89-90 (1987) (internal quotation marks and citations omitted).

**II.    Religious Land Use and Institutionalized Persons Act of 2000 ("RLUPIA")**

RLUIPA prohibits prison officials from substantially burdening a prisoner's "'religious exercise unless the burden furthers a compelling governmental interest and does so by the least

restrictive means.'" Alvarez v. Hill, 518 F.3d 1152, 1156 (9th Cir. 2009) (internal quotations and citations omitted). The plaintiff bears the initial burden of demonstrating that an institution's actions have placed a substantial burden on plaintiff's free exercise of religion. To state a cognizable claim under RLUIPA, plaintiff must specify how the defendant denied him access to religious services. In this regard, plaintiff must link any RLUIPA claim to the defendant's specific conduct. Plaintiff is advised that monetary damages are not available under RLUIPA against state officials sued in their individual capacities. See Jones v. Williams, 791 F.3d 1023, 1031 (9th Cir. 2015) ("RLUIPA does not authorize suits for damages against state officials in their individual capacities because individual state officials are not recipients of federal funding and nothing in the statute suggests any congressional intent to hold them individually liable."). RLUIPA only authorizes suits against a person in his or her official or governmental capacity. See Wood v. Yordy, 753 F.3d 899, 904 (9th Cir. 2014).

### III. Eighth Amendment Conditions of Confinement

In order for a prison official to be held liable for alleged unconstitutional conditions of confinement, the prisoner must allege facts that satisfy a two-prong test. Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)). The first prong is an objective prong, which requires that the deprivation be "sufficiently serious." Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citing Farmer, 511 U.S. at 834). In order to be sufficiently serious, the prison official's "act or omission must result in the denial of the 'minimal civilized measure of life's necessities." Lemire, 726 F.3d at 1074. The objective prong is not satisfied in cases where prison officials provide prisoners with "adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Id. at 732 ("[m]ore modest deprivations can also form the objective basis of a violation, but only if such deprivations are lengthy or ongoing"). Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an

1  Eighth Amendment violation.  Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9
2  (1992).  The circumstances, nature, and duration of the deprivations are critical in determining
3  whether the conditions complained of are grave enough to form the basis of a viable Eighth
4  Amendment claim.  Johnson, 217 F.3d at 731.
5      The second prong focuses on the subjective intent of the prison official.  Peralta, 774 F.3d
6  at 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837).  The deliberate indifference standard
7  requires a showing that the prison official acted or failed to act despite the prison official's
8  knowledge of a substantial risk of serious harm to the prisoner.  Id. (citing Farmer, 511 U.S. at
9  842); see also Redman v. Cnty. of San Diego, 942 F.2d 1435, 1439 (9th Cir. 1991).  Mere
10 negligence on the part of the prison official is not sufficient to establish liability.  Farmer, 511
11 U.S. at 835.